STATE OF MAINE                    DISTRICT COURT
PENOBSCOT, SS.                    NEWPORT
                                 Docket No. CV-06-129

FILED & ENTERED
SUPERIOR COURT
JAN 0 4 2008
PENOBSCOT COUNTY

Pamala Weisher, Personal Representative
of the Estates of Mary Ellen Butler and
Margaret Emily Greenleaf,
          Plaintiff

          v.                     Decision and Judgment

Jubilee Gospel Association of Newport
d/b/a Newport Full Gospel Church et al.,
          Defendants

Hearing on the complaint was held on December 17, 2007. The plaintiff was present with counsel; defendant Jubilee Gospel Association of Newport appeared through counsel; and defendant Vicki A. Morrill was present with counsel.

Weisher's claim against the Church and Morrill (Weisher's cousin) arises out of a $7,000 gift that Morrill made to the Church, purportedly on behalf of Mary Ellen Butler. Weisher alleges first that the cash actually belonged to the estate of Butler's sister, Margaret Emily Greenleaf, and, second, that if the money was Butler's, Morrill did not have authority to give it to the Church.

Weisher has not proven that the cash was Greenleaf's. Greenleaf and Butler lived together in Butler's house for a seven or eight years period ending in March 2003, when Greenleaf's medical and psychological conditions had deteriorated to the point where she was hospitalized and Butler was moved from the house because she could not care for herself due to physical disabilities. Greenleaf died in early April 2003. During the last several years they lived in the house, Butler was not ambulatory and spent all of her time in her bedroom. The house became utterly squalid and cluttered to the point where it was virtually impossible to move about. When Butler and Greenleaf left the house in March 2003, Morrill and several other family members took that opportunity to try to clean the house. During that process, they found more than $18,000 in several locations, all of

1

which were associated with Butler. These locations included Butler's purse and several areas within Butler's bedroom. A portion of this money is the subject of this action.

Weisher makes various arguments in support of her factual contention that the money was actually Greenleaf's. None of those arguments persuades the court that the money was probably hers. In fact, Weisher herself, through counsel, has taken the position that the money belonged to Butler and not Greenleaf. *See* defendant's exhibit 9. Evidence of the sisters' employment and financial history and banking practices is not sufficiently probative to establish Weisher's contention. The conclusion that Weisher urges is simply speculative. The better evidence suggests that the money in fact was Butler's. As is noted above, the money was found in locations associated more closely with Butler than with Greenleaf, and Butler directed the use of the money, thus indicating her own understanding that the money was hers. Therefore, the court concludes that Weisher has not proven by a preponderance of the evidence that Morrill converted Greenleaf's money.

Weisher next alleges that Morrill acted improperly when she gave $7,000 of that money to the Church. The evidence establishes, however, that Butler gave Morrill explicit instructions to dispose of the money in that way. Morrill's own relationship with the Church would not explain the donation. Butler, on the other hand, had a long association with the Church. The donation was accompanied by a card, which included an inscription that Butler dictated to Morrill. That inscription identified Butler as the donor. Butler also instructed Morrill to use the remaining money to purchase a suitable headstone for herself and her sister.

The only remaining basis to challenge Morrill's authority to deliver the cash to the Church on Butler's behalf would be Butler's competence to make such a gift. The evidence on this point reveals that when Butler told Morrill to use the money as a gift to the Church and to buy the headstone, Butler was conversational and lucid. Although the Probate Court appointed a temporary guardian for Butler on or near the day when Butler told Morrill how to use the money, that guardianship appears to be based largely on Butler's physical incapacities. The testimonial trial evidence portraying Butler as lucid, oriented and competent is more persuasive than any contrary suggestion that can be drawn from the Probate Court records. *See* joint exhibit 5.

2

The entry shall be:

Judgment is entered for the defendants. The defendants are awarded their costs of court.

Dated: January 4, 2008

Justice, Maine Superior Court
sitting in Maine District Court
Jeffrey L. Hjelm

Attorneys

π
    Joann McGuire Esq

Δ
    Glenn Israel Esq

NEW DC CV-2006-129

. Joseph Fenis ᵉˢᵍ for Plt

Δ Jubilee Gospel Assoc-
william Logan Esq

Δ Vicki Morell —
Richard Tucker Esq